[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The court articulates as follows:
1. The court carefully considered the statutory criteria set forth in 46b-81, 46b-82 and 46b-62 C.G.S. in fashioning its financial awards in this matter.
2. The court specifically considered 46b-62 C.G.S. in awarding counsel fees of $50,000 to the plaintiff. The court considered the respective financial abilities of the parties and their respective opportunity for future acquisition of assets and income.
3. The plaintiff, aged 53 years was a homemaker throughout the marriage of 27 years. The plaintiff was not employed at the time of trial and had not worked outside the marital home during this 27 year marriage.
4. The defendant, also 53 years of age, is at the peak of his career in advertising.
5. The plaintiff had liabilities of approximately $7,000 excluding a claim for attorney's fees in the amount of $145,000. The plaintiff had liquid assets of approximately $7,800 solely in her name, at the time of trial.
6. The court awarded the plaintiff the sum of $50,000 as a contribution towards her attorney's fees so as to avoid undermining the court's other financial awards in this case. Notwithstanding this award, the plaintiff will have additional attorney's fees and expert fees to pay.
7. The acquisition of the assets in this case occurred and accrued during the course of the marriage. The defendant had access to marital funds and used the same for payment towards his CT Page 5853 counsel's fees prior to the date of trial.
8. The substantial liquid account, the Neuberger Berman account, remained frozen at the time of trial. This account was not available to the wife at the time of trial and had been frozen for some period of time prior to trial. The defendant had been able to withdraw approximately $400,000 from this account prior to the date of trial. The wife had no such resource available to her as did the husband through his business.
COPPETO, J.